UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:**  (IN CHAMBERS) - DEFENDANT ACCESS INSURANCE COMPANY'S MOTION TO DISMISS OR TO STAY (Dkt. 18, filed May 29, 2015)

## I. INTRODUCTION

On April 17, 2015, plaintiff Ned Flores filed this class action case against defendant Access Insurance Company. Dkt. 1 ("Comp."). Plaintiff asserts two claims: negligent violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"), and (2) knowing and/or willful violations of the TCPA. Id.

On May 29, 2015, defendant filed a motion to dismiss plaintiff's claims or to stay proceedings. Dkt. 19. ("Motion"). Plaintiff filed his opposition of July 17, 2015, dkt. 28 ("Opp'n), and defendant filed its reply on August 17, 2015, dkt. 29 ("Reply").

On August 31, 2015, the Court stayed proceedings, pending the Supreme Court's decisions in Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (2016) and Robins v. Spokeo, Inc., 135 S. Ct. 1892 (2015). Dkt. 30. In light of the Supreme Court's decisions in Gomez and Spokeo, the Court now finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that on several occasions, beginning sometime on or around January 25, 2015, defendant sent text messages to plaintiff "soliciting [p]laintiff to renew his auto insurance policy." Compl. ¶ 10. The complaint includes one "illustrative example," allegedly from January 25, 2015, which is alleged to read as follows:

Your Access Auto Insurance policy cancels 01/26/2015. To avoid cancellation, make a payment at [this website]. Reply STOP to Opt-out.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 2:15-cv-02883-CAS(AGRx) | | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | | |

Id. ¶ 10. Plaintiff contends that he replied, "Stop," to one of these messages, and received a response text message that read, "Stop request processed." Id. ¶ 11. Plaintiff further asserts that sometime after defendant sent confirmation of the stop request, defendant initiated "numerous" unsolicited telephone calls to plaintiff that constituted "telephone solicitations." Id. ¶¶ 12–13. Plaintiff avers that these calls were not for emergency purposes and were made by defendant without "prior written consent to call Plaintiff and make these solicitations." Id. ¶¶ 14, 16. Plaintiff further contends that he was "greeted by 'dead air' prior to speaking with Defendant" on these calls and therefore alleges that defendant used an "automated telephone dialing system" ("ATDS") to make such calls. Id. ¶ 16.

Plaintiff asserts that defendant's acts represent negligent, knowing, or willful violations of the TCPA. Id. ¶¶ 34, 38. As is relevant here, the TCPA provides that it shall be

> unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call.

47 U.S.C. § 227(b)(1).

On April 28, 2015, pursuant to Federal Rules of Civil Procedure Rule 68, defendant served an offer of judgment on plaintiff's counsel ("Rule 68 Offer"). Dkt. 21 ("Singer Decl.") ¶ 4. The Rule 68 offer provides, in relevant part:

> Access Insurance will pay $1,500 for each of the "numerous" telephone calls Flores alleges were made to him in Paragraphs 12–18 of his complaint, provided Flores and his counsel have a reasonable belief satisfying Federal Rule of Civil Procedure 11 that such calls were: (a) made by or on behalf of Access Insurance; (b) not consented to by or on behalf of Flores; and (c) made with an automatic telephone dialing system. However, in no event will the total payment to Flores hereunder be less than $15,000.00. . . . Access Insurance further offers to pay any and all reasonable costs allowable under law incurred by Flores or his attorneys in this matter. . . . Access

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

Insurance further offers to allow the Court to enter an injunction against it enjoining and restraining it from placing any telephonic communication to Flores, or allowing any telephonic communication to be placed on its behalf to Flores, which are in violation of the TCPA[.]

Singer Decl., Exhibit A ¶¶ 4–5. Plaintiff did not accept the offer of judgment. Singer Decl. ¶ 5.

## III. LEGAL STANDARDS

### A. Rule 12(b)(1)

A motion pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). Such a motion may be "facial" or "factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). That is, a party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Thornhill Publishing co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).

If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998). "Standing is a threshold matter central to our subject matter jurisdiction." Bates v. United Parcel Service, Inc., 511 F.3d 974, 985 (9th Cir. 2007). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). From a constitutional standpoint, standing addresses the question of whether the plaintiff has made out a case or controversy between himself and the defendant. Id. A plaintiff must demonstrate three elements that constitute the "irreducible minimum" of Article III standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (citations and quotation marks omitted).

**B.    Rule 12(b)(6)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

Defendant argues that there is a lack of subject matter jurisdiction because (1) defendant made a dispositive offer of judgment under Rule 68 and (2) plaintiff lacks Article III standing to bring his claim. Motion at 1. The Court addresses these arguments in turn.

In Campbell-Ewald Co. v. Gomez, 136 S.Ct. 663 (2016), the Supreme Court affirmed that an unaccepted settlement offer or offer of judgment does not render a plaintiff's case moot. Id. at 666. The Supreme Court stated in relevant part:

> In accord with Rule 68 of the Federal Rules of Civil Procedure . . . an unaccepted settlement offer has no force. Like other unaccepted contract offers, it creates no lasting right or obligation. With the offer off the table,

Case 2:15-cv-02883-CAS-AGR   Document 35   Filed 03/13/17   Page 6 of 17   Page ID #:238

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINIITES – GENERAL** | | **'O'** |
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

and the defendant's continued denial of liability, adversity between the parties exists.

Id. Applying Gomez, the Court finds that defendant's dispositive offer of judgment under Rule 68 has no bearing on whether the plaintiff's action is subsequently mooted. Accordingly, defendant's Rule 68 offer does not moot plaintiff's claim.

In arguing that plaintiff lacks Article III standing, defendant makes two arguments: (a) plaintiff lacks standing because he failed to establish that his injury is redressable by a favorable decision and (b) plaintiff cannot establish standing by alleging the violation of a statutory right under the TCPA. Motion at 7–8. In granting defendant's motion to stay, the Court found that plaintiffs adequately established the redressability prong of the Article III standing inquiry. See dkt. 30 at 7. Accordingly, the Court will only address whether plaintiff has adequately alleged that he has suffered an injury in fact.

To establish an injury in fact, a plaintiff must allege that he has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Lujan v. Defs. of Wildlife, 504 U.S. at 560. Defendants do not suggest that plaintiff's injury was not "actual" or "particularized." Instead, in arguing that plaintiff merely seeks to vindicate a statutory right under the TCPA, defendant appears to argue that plaintiff's injury is not "concrete."

In Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), the Supreme Court addressed the meaning of "concrete injury" as applied to a plaintiff seeking statutory damages. Id. at 1549. For an injury to be "concrete," it must be "de facto," meaning that it is "real," and not "abstract." Id. at 1548. However, intangible injuries may be concrete. Id. at 1549.

The Spokeo Court reaffirmed that Congress may "elevat[e]" injuries "previously inadequate in law" to legally cognizable "concrete" injuries. Id. at 1549 (quoting Lujan, 504 U.S. at 578). That is, in some cases "a plaintiff need not allege any *additional* harm beyond the one Congress has identified." Id.; see also Warth, 422 U.S. at 500 (1975) ("The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing" (quotation marks omitted)). Justice Thomas, concurring in Spokeo, explained: "Congress can create new private rights and authorize private plaintiffs to sue based simply on the violation of those private rights," such that "[a] plaintiff seeking to vindicate a statutorily created private right need

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

not allege actual harm beyond the invasion of that private right." Id. at 1553 (Thomas, J., concurring).

However, not every harm recognized by statute will be sufficiently "concrete" to establish injury in fact. Id. at 1549 ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). Moreover, "Article III standing requires a concrete injury even in the context of a statutory violation." Id. When evaluating whether the violation of a statute establishes concrete injury, Spokeo instructs courts to consider two factors—history and the judgment of Congress. Id.

First, because standing doctrine is grounded in "historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." Id.

Second, "because Congress is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is also instructive and important." Id. Relevant to this inquiry is whether Congress created a procedural or substantive right in the statute at issue. Id. at 1550. By way of example, in Spokeo, the defendant allegedly violated FCRA, which "requires consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of' consumer reports." Id. at 1545 (quoting 15 U.S.C. § 1681e(b)). The Supreme Court noted that an allegation that a defendant violated this provision, on its own, might be an allegation of "a bare procedural violation" that "result[s] in no harm. Id. at 1550. For example, the Spokeo Court suggested that "[i]t is difficult to imagine how the dissemination of an incorrect zip code [in violation of the FCRA], without more, could work any concrete harm." Id. However, the Supreme Court expressed no view as to whether the dissemination of other types of false information would also constitute a bare procedural harm, instead "leav[ing] that issue for the Ninth Circuit to consider on remand." Id. at 1550 & n.8. Thus, while "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," a "bare procedural violation, divorced from any concrete harm" is not. Id. at 1549 (citing Summers v. Earth Island Inst., 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

Defendant asserts that plaintiff merely seeks to vindicate a statutory right under the TCPA, rather than obtain redress for economic injury. Motion at 7. Even assuming defendant's interpretation of plaintiff's complaint is correct,[1] the Ninth Circuit has recently considered and rejected this argument. In Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037 (9th Cir. 2017), the Ninth Circuit considered whether violations of the TCPA give rise to a concrete injury under Spokeo. The Van Patten court held:

> Unlike in Spokeo, where a violation of a procedural requirement minimizing reporting inaccuracy may not cause actual harm or present any material risk of harm, the telemarketing text messages at issue here, absent consent, present the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA. Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA "need not allege any additional harm beyond the one Congress has identified."

Id. (citation omitted) (quoting Spokeo, 136 S. Ct. 1549). Because plaintiff has alleged that defendant sent plaintiff text messages and initiated numerous telephone solicitations absent plaintiff's consent, the Court finds that this conduct "present[s] the precise harm and infringe[s] the same privacy interests Congress sought to protect in enacting the TCPA." See Van Patten, 847 F.3d at 1043. Consistent with Van Patten, the Court therefore concludes that plaintiff has adequately alleged that he suffered a concrete injury sufficient to establish injury in fact.

Accordingly, the Court **DENIES** defendant's Rule 12(b)(1) motion to dismiss plaintiff's claims.

### B. The McCarran-Ferguson Act Does Not Bar the Application of the TCPA

Defendant alleges that the McCarran-Ferguson Act proscribes the application of the TCPA to the instant case. Motion at 16–20. The McCarran-Ferguson Act ("MFA") provides: "No Act of Congress shall be construed to invalidate, impair, or supersede any

---

[1] Notwithstanding defendant's characterization of the complaint, plaintiff also states that he seeks "damages and injunctive relief for recovery of *economic injury* on behalf of the class." Compl. ¶ 25 (emphasis added).

Case 2:15-cv-02883-CAS-AGR Document 35 Filed 03/13/17 Page 9 of 17 Page ID #:241

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012.

Pursuant to the MFA, "state law preempts a federal statute if: (1) the federal law does not specifically relate to insurance; (2) the purpose of the state enactment is to regulate the business of insurance; and (3) the application of federal law to the case might invalidate, impair, or supersede the state law." Negrete v. Allianz Life Ins. Co. North America, 927 F. Supp. 2d 870, 875 (quotation marks omitted). Defendant contends that (1) the TCPA does not specifically relate to insurance; and (2) California law requires insurers to communicate with policyholders about insurance coverage and precludes liability for communications regarding the cancelation or nonrenewal of policies. Motion at 17–19. Plaintiff does not dispute the first two factors of the test for preemption, see Motion at Opp'n at 19–21, therefore the Court will limit its discussion to the last prong: whether the TCPA "invalidates, impairs, or supersedes" state law.

Defendant contends that application of the TCPA in this case would impair California law and policy. Motion at 19. "Impair" in this context means "to hinder [a law's] operation or frustrate a goal of that law." See Humana Inc. v. Forsyth, 525 U.S. 299, 301 (1999). Specifically, defendant argues that any TCPA restriction on calls to an insured about the imminent cancellation of an insurance policy, coupled with a private right of action, are incompatible with California's policy that drivers be insured. Id.

California law requires insurers to notify policyholders of any imminent policy expirations. Cal. Ins. Code §§ 662; 663(a). The law requires that notice be "deliver[ed] or mail[ed] to the named insured, at the address shown on the policy[,]" id. § 663(a), or sent "electronically to the email address shown on the policy if the insurer complies with subdivision (b) of Section 38.5[,]" id. §§ 663(e).[2] A notice of a policy change or cancellation, or an offer of renewal may be transmitted electronically if each party has agreed to conduct the transaction by electronic means[.]" Cal. Ins. Code § 38.6 (a)(1). Furthermore, in order to transmit such information electronically, the insurer must disclose, inter alia, that "(A) The opt in to receive the record by electronic transmission is voluntary[,]" and "(B) That the person may opt out of receiving the record by electronic

---

[2] The Court notes that Cal. Ins. Code § 38.5 was repealed as of January 1, 2017. However, Cal. Ins. Code § 38.5 is, in all relevant parts, substantially the same as Cal. Ins. Code § 38.6.

Case 2:15-cv-02883-CAS-AGR Document 35 Filed 03/13/17 Page 10 of 17 Page ID #:242

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

transmission at any time, and the process or system for the person to opt out." Id. § 38.6(b)(1)(A).

    The Court therefore finds that application of the TCPA does not impair California law or policy. Rather, the TCPA's application in this instance comports with California insurance law. Here, defendant allegedly notified plaintiff of his policy's impending expiration, provided him with the opportunity to renew, and the ability to "opt out." Compl. ¶ 10. Plaintiff alleges that he texted "Stop" to defendant and received a confirmation stating, "Stop request processed." Id. ¶ 11. The TCPA has been widely interpreted to permit the revocation of consent. See e.g., Osorio v. State Farm Bank, F.S.B. 746 F.3d 1242 (11th Cir. 2014) ("We . . . presume from the TCPA's silence regarding the means of providing or revoking consent that Congress sought to incorporate the 'common law concept of consent.'"); Gager, 727 F.3d at 268–72 ("Although the TCPA does not expressly grant a right of revocation to consumers who no longer wish to be contacted on their cellular phones by autodialing systems, the absence of an express statutory grant . . . does not mean that the right to revoke does not exist."); Munro v. King Broadcasting Co., No. 13-cv-1308-JLR, 2013 WL 6185233 at *3 (W.D. Wash. Nov. 26, 2013) ("[A]llowing consumers to revoke consent is in line with the purpose of the TCPA." (quotation marks omitted)). Similarly, California law permits consumers to "opt out" of electronic transmissions from insurers "at any time." Cal. Ins. Code § 38.6(b)(2)(B). In fact, the relevant state statute goes further than the TCPA by expressly incorporating an opt-out provision. Id. The TCPA's purpose is to attach liability when insurers continue to exploit electronic communication, despite the insured's revocation of consent. Because California insurance law remains silent on the issue of insurer liability as related to electronic communications absent the recipient's consent, the TCPA appears to complement, rather than "impair" California law. Furthermore, California law expressly contemplates that the state's requirement that insurers inform policyholders of the pending cancellation of their insurance policies— which effectuates California's policy that drivers remain insured—is adequately accomplished by notice delivered by mail alone. See Cal. Ins. Code § 663(a). Accordingly, the Court finds that the McCarran-Ferguson Act does not bar the application of the TCPA in this case.[3]

---

[3] Defendant asserts that Chair King, Inc. v. Houston Cellular Corp., No. 4:95-cv-1066, 1995 WL 1760037 (S.D. Tex. Nov. 3, 1995) is directly on point. Motion at 20. In Chair King, the court found that the McCarran-Ferguson Act barred the application of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

### C. Primary Jurisdiction

Defendant argues that, if the Court has doubts about the TCPA's impairment of California insurance law, the Court should stay the case pending adjudication of this dispute by the Commissioner of the California Department of Insurance ("DOI") pursuant to the "primary jurisdiction" doctrine. Motion at 20–22. "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th Cir. 2008). While "[n]o fixed formula exists for applying the doctrine of primary jurisdiction," Davel Comm'ns, Inc. v. Qwest Corp., 460 F.3d 1075, 1086 (9th Cir. 2006), the Ninth Circuit has held that "[t]he primary jurisdiction doctrine prescribes deference to an administrative agency where (1) the issue is not within the conventional experiences of judges, (2) the issue involves technical or policy considerations within the agency's particular field of expertise, (3) the issue is particularly within the agency's discretion, or (4) there exists a substantial danger of inconsistent rulings." Maronyan v. Toyota Motor Sales, U.S.A., Inc., 658 F.3d 1038, 1048–49 (9th Cir. 2011) (quotation marks omitted).

Defendant contends that the DOI maintains primary jurisdiction over the instant case because the "cancellation and/or renewal of insurance policies and all communications related thereto are governed by the California Insurance Code, and all such requirements are to be enforced by the Commissioner." Motion at 21. The Court is unpersuaded that the primary jurisdiction doctrine applies to plaintiff's claims. "Not every case that implicates the expertise of federal agencies warrants invocation of primary jurisdiction." Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 760 (9th Cir. 2015). This case is primarily a dispute about communications governed by the TCPA, not a dispute about insurance. Moreover, defendant offers no reason as to why this case presents particularly complicated issues that are uniquely within the DOI's competence. See Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th Cir. 2008) ("[T]he [primary jurisdiction] doctrine is not designed to secure expert advice from agencies every time a

---

TCPA—which prohibited unsolicited insurance advertising by facsimile—because Texas law permitted insurance advertising by facsimile so long as the advertisements were truthful and not misleader. 1995 WL 1760037, at *3–5. The Court first notes that the relevant California law, permitting individuals to opt out of electronic communications from insurers, distinguishes this case from Chair King. In addition, Chair King is not binding authority on this Court.

Case 2:15-cv-02883-CAS-AGR Document 35 Filed 03/13/17 Page 12 of 17 Page ID #:244

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

court is presented with an issue conceivably within the agency's ambit. Instead, it is to be used only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." (citations and quotation marks omitted)). Furthermore, the Court does not have doubts about whether the TCPA impairs California insurance policy; as described above, the Court finds that the TCPA does not impair state policy.

Importantly, the "'deciding factor' in determining whether the primary jurisdiction doctrine should apply is efficiency." Reid v. Johnson & Johnson, 780 F.3d 952, 967 (9th Cir. 2015). A court must "balance the parties' need to resolve the action expeditiously against the benefits of obtaining [an] agency's expertise." Jordan v. Nationstar Mortgage LLC, No. 14-cv-00787, 2014 WL 5359000 at *12 (Oct. 20, 2014). Because this case has already been stayed once, any additional delay will likely prejudice plaintiff's case. See Nat'l Commc'ns Ass'n v. Am. Tel. & Tel. Co., 46 F.3d 220, 225 (2d Cir. 1995) (finding that parties incur huge costs as a result of agency decisionmaking, which "often takes a long time"). In light of the Court's duty to "to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court **DENIES** defendant's motion to stay. See Fed. R. Civ. P. 1.

**D.**     **Plaintiff Adequately Alleges Claims under the TCPA**

To state a claim under the TCPA, plaintiff must allege: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). The term "automatic telephone dialing system" ("ATDS") means "equipment that has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Defendant argues that plaintiff fails to state a claim under the TCPA for two reasons: (1) plaintiff gave prior express consent to receive defendant's communications; (2) plaintiff did not adequately allege the use of an ATDS. Motion at 11–16.

     1.     Consent

Plaintiff alleges that defendant "did not have prior written express consent to call Plaintiff[.]" Compl. ¶ 16. Defendant argues that it need not have had *written* express consent, which is only required under the Federal Communications Commission's

Case 2:15-cv-02883-CAS-AGR Document 35 Filed 03/13/17 Page 13 of 17 Page ID #:245

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

regulation for calls that introduce or include an "advertisement" or that constitute "telemarketing." Motion at 12 (citing 47 C.F.R. § 64.1200(a)(2)).

The Federal Communications Commission ("FCC"), tasked with instituting implementing regulations for the TCPA, added an express written consent requirement in the case of messages "that include[ ] or introduce[ ] an advertisement or constitute[ ] telemarketing," which went into effect on October 16, 2013. See 47 C.F.R. § 64.1200(a)(2). The regulation defines "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services." Id. § 64.1200(f)(1). "Telemarketing" is "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." Id. § 64.1200(f)(12).

The parties agree that a communication that is "purely informational in nature" does not constitute telemarketing. Motion at 12; Opp'n at 12. However, the parties disagree as to whether defendant's communications were purely informational.

Construing the complaint in the light most favorable to plaintiff, the Court agrees with plaintiff that defendant's communications had two purposes: (1) to alert plaintiff to the expiration of his auto insurance policy; and (2) to encourage plaintiff to renew his policy. See Compl. ¶ 10; Opp'n at 14. That is, the communications had both informational *and* telemarketing purposes because plaintiff was informed about the status of his policy *and* was encouraged to purchase services from defendant.[4] Ordinarily,

---

[4] Defendant argues that its communications did not encourage plaintiff to purchase its services, but rather served as payment reminders. Motion at 13; Reply at 7. Defendant points to a 2012 FCC Report and Order and argues that the FCC asserted that a payment reminder does not constitute telemarketing. Motion at 13 (citing In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1841 & n.79 (2012)). First, the Court notes that the FCC did not determine that payment reminders are purely information; rather, the FCC noted that a commenter described payment reminders as a service which should not require prior express written consent. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. at 1841 n.79. Second, on a motion to dismiss, the Court construes plaintiff's allegations as true and reads the complaint in the light most favorable to plaintiff. Plaintiff alleges that defendant's messages "solicit[ed] Plaintiff to renew his auto insurance policy." Compl. ¶ 10. Accordingly, the Court finds that, at this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

"'dual purpose' calls, those with both a customer service or informational component as well as a marketing component, are prohibited." Chesbro v. Best Buy Stores, L.P., 705 F.3d 913, 917 (9th Cir. 2012). In some instances, a dual purpose message "would be permitted" "if the message is delivered by a company that has an established business relationship with the recipient." In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14099 (2003). However, the "established business relationship" exception does not apply to cellular telephones. See 47 C.F.R. § 64.1200(f)(5) ("The term established business relationship for purposes of telephone solicitations means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a *residential subscriber* with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party." (emphasis added)); Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 273 (3d Cir. 2013) (the established business relationship and commercial purpose exemptions "do not apply to cellular phones; rather, these exemptions apply only to autodialed calls made to land-lines. . . . The only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent."); Legg v. Voice Media Grp., Inc., 20 F. Supp. 3d 1370, 1378 (S.D. Fla. 2014) ("The Court agrees with Legg that the established business relationship exemption does not apply to Legg's claims under 47 U.S.C. § 227(b)(1)(A)(iii) for calls to his cellular telephone, and instead applies only to calls to land lines."). Because (a) the communications to plaintiff were, in part, telemarketing, and (b) defendant is not entitled to rely on the "established business relationship" exception, the Court finds that defendant's communications required plaintiff's prior written consent. See 47 C.F.R. § 64.1200(a)(2). Plaintiff alleges that defendant "did not have prior written express consent to call Plaintiff and make these telephone soliciations[.]" The Court therefore concludes that plaintiff adequately pleads that defendant communicated with plaintiff absent the required consent.

stage, plaintiff has adequately pleaded that defendant's messages constitute telemarketing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

### 2. The Use of an ATDS

"When evaluating the issue of whether equipment is an ATDS," the TCPA requires "that the focus must be on whether the equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. Accordingly, a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009) (quotation marks omitted); see also Blair v. CBE Group Inc., No. 13-cv-134-MMA-WVG, 2013 WL 2029155 at *4 (S.D. Cal. May 13, 2013) ("[T]he issue is not whether [defendant] *used* an ATDS, but whether its equipment has the requisite *capacity*.").

Plaintiff alleges that defendant used an "ATDS [that] has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." Compl. ¶ 12. Such an allegation is legally sufficient to state a claim under the TCPA. See e.g., Waterbury v. A1 Solar Power Inc., 14-cv-2384-MMA-WVG, 2016 WL 3166910 at *3 (S.D. Cal. June 7, 2016) ("Plaintiff must at minimum state that Defendants' equipment has the capacity to store or produce phone numbers using a random or sequential generator and has the ability to call those numbers."); Blair, 2013 WL 2029155 at *4 (holding that plaintiff's allegation that defendant used an ATDS which had the capacity to produce or store and dial numbers randomly or sequentially was sufficient under Rule 8); In re Jiffy Lube Int'l, Inc., 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) (concluding that plaintiffs sufficiently pleaded the use of an ATDS by alleging that defendant used an SMS short code and machine with the capacity to store or produce random telephone numbers); Hickey v. Voxernet LLC, 887 F. Supp. 2d 1125, 1129–30 (W.D. Wash. 2012) ("[P]laintiff's allegation regarding the generic content and automatic generation of the message is sufficient to infer the use of an ATDS.").

Defendants, however, maintain that the alleged "dead air" preceding the telephonic message "reveal[s] nothing about how the number was obtained or generated." Motion at 15; Reply at 10. But plaintiff need not allege the "technical ins-and-outs" of defendant's automatic dialing system to withstand a motion to dismiss. Flores v. Adir International, LLC, No. 15-cv-00076-AB-PLA, 2015 WL 4340020 at *6 (C.D. Cal. July 15, 2015). In cases like these, plaintiffs can rely only on indirect facts (including anecdotal evidence) because plaintiffs may not yet avail themselves to the benefits of discovery. Although "additional factual details about the machines might be helpful, further facts are not

Case 2:15-cv-02883-CAS-AGR   Document 35   Filed 03/13/17   Page 16 of 17   Page ID #:248

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

required to move beyond the pleading stage." In re Jiffy Lube Int'l, Inc., 847 F. Supp. 2d at 1260.

Moreover, plaintiff also alleges that defendant used the short message service ("SMS") code "877-67" to send its text messages. Compl. ¶ 10. Courts have concluded that TCPA allegations based on defendants' use of an SMS short code suffices to meet the pleading standard. See e.g., Soular v. Northern Tier Energy LP, No. 15-cv-556-SRN-LIB, 2015 WL 5024786 at *3 (D. Minn. August 25, 2015) (concluding that plaintiff's allegation that messages were sent "en masse" from the same short code were sufficient to allege the use of ATDS); Robbins v. Coca–Cola–Co., No. 13–cv–132–IEG-NLS, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) ("First, Plaintiff's allegation that Defendants used an ATDS to send the text messages at issue is sufficient at this stage of the litigation, when no discovery has been completed. . . . Second, as Plaintiff points out, there are additional facts alleged in the Complaint which indicate the use of an ATDS, such as the generic content of the message, the fact that the messages were sent en masse *from Defendants' SMS short code*, and the fact that the messages were promotional in nature." (emphasis added)); Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171–72 (N.D. Cal. 2010) (finding plaintiff's claim sufficiently plausible because plaintiff alleged that the defendant used an ATDS, which relied on an SMS code to send text messages).

Accordingly, the Court concludes that plaintiff adequately pleads that defendant used an ATDS.

The Court therefore **DENIES** defendant's Rule 12(b)(6) motion to dismiss plaintiff's claims.

E.   **Violation of the Local Rules**

Defendant argues that the Court should dismiss plaintiff's complaint because plaintiffs have violated the Central District of California's Local Rules. Motion at 22. Specifically, defendant contends that plaintiff has failed to satisfy Local Rule 23, which requires that, inter alia, a putative class action complaint: (1) "contain[s] a reference to the portion or portions of F.R.Civ.P. 23 under which it is contended that the suit is properly maintainable as a class action"; and (2) states "[t]he nature of notice to the proposed class required and/or contemplated." C.D. Cal. L.R. 23-2.1, 23-2.2(g). The Court finds that plaintiff has substantially complied with Local Rule 23. Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiff's complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-02883-CAS(AGRx) | Date | March 13, 2017 |
| Title | NED FLORES v. ACCESS INSURANCE COMPANY | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss plaintiff's claims. The Court concludes that the McCarran-Ferguson Act does not bar the application of the TCPA in this case. The Court **DENIES** defendant's motion to stay the case.

Defendant is directed to answer within 14 (fourteen) days of the date of this order.

IT IS SO ORDERED.

                                                 00 : 00
                               Initials of Preparer          CMJ